UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     v.<br><br>**JOSEPH MELI,**<br>                    **Defendant.** | 17-CRIM-00127 |

### DEFENDANT JOSEPH MELI'S MOTION FOR CONTINUANCE OF TRIAL

Defendant Joseph Meli respectfully moves this Court to continue the scheduled November 27, 2017 trial date until January 8, 2018 – along with the corresponding extension of all related deadlines, as set forth in the attached [Proposed] Order.[1]

We are mindful that the Court wishes to move this case to trial expeditiously. However, as explained below, in order to effectively prepare Mr. Meli's defense for trial, we respectfully request that the trial and corresponding deadlines be adjourned to afford Mr. Meli the opportunity to conduct a full review of the voluminous discovery recently produced by the Government, to undertake the necessary follow-up investigations, and to file any necessary motions. The ends of justice are best served by a continuance of the trial date.

On May 17, 2017, during a status conference, this Court set trial for November 27, 2017. Pursuant to Your Honor's subsequent minute entry, discovery was to be completed by August 31, 2017, all motions due September 18, 2017, and pretrial submissions due November 20, 2017. At that conference, the Court provided that the trial date would be moved to January 2018 upon "showing ***good cause*** that [the November 27, 2017 trial] date is too early." *See* May 17, 2017

---

[1]   This motion is joined by Defendant Steven Simmons. The Government does not consent. This is the parties' first request for an adjournment of the scheduled trial date.

Tr., attached hereto as Exhibit A, at 7:23.  To that extent, the Court also instructed the parties to "save the weeks of January 2, 8 and 16" "just in case we have to try it later."  *Id*. at 8:6-8.

In setting the November 27, 2017 trial date, the Court relied, in part, on the Government's representations at the May 17, 2017 hearing that document production would not be "terribly voluminous."  *See* Ex. A at 3:16.  At that conference, the Government estimated that its contemporaneous production was "not like a hard drive or anything," but rather "probably several thousand pages' worth of documents."  *Id*. at 3:17-19.  This representation did not include any indication that an additional 844,000 documents, constituting over 2.1 million pages and 600 gigabytes, would be produced three months later in August.  The Government's final revised August production to Defendants on August 28, 2017 included 100,000 pages from more than 70 custodians.  With the Government's Rule 16 production completed, Mr. Meli now has "good cause" that the November 27, 2017 trial date is patently unreasonable.

The Court's original November 27, 2017 trial date "assume[d] that [Defendants] reviewed discovery by the end of August."  *Id*. at 5:17-18.  However, in connection with this case, the Government has now produced over one million documents, the vast majority of which were produced within the last thirty days of the Court's discovery deadline.  The Government's one million document production in connection with the criminal case has also been supplemented by copious documents produced by the Securities and Exchange Commission (the "SEC") in the companion civil enforcement case.  To date, the SEC has produced over 45,000 documents, including one million pages of production; the latest SEC production was delivered to Mr. Meli on September 1, 2017.  Although counsel has endeavored diligently during the last several months, it has not yet completed reviewing the Government's voluminous discovery.

Moreover, the sheer breadth of document production was aggravated by technical problems, delaying Mr. Meli's ability to timely and effectively review those documents. By way of example, the Government's most recent production did not provide the entirety of materials described in its cover letter. This deficiency was only revealed upon defense counsel's review, in connection with back-office IT support and processing. Consequentially, this production could not be properly uploaded until the very last day of August. Another earlier August production was infected with a virus, causing further delay to Defendants' review. This same production had already been previously delayed by almost two weeks because, according to the Government, members of their IT team were on vacation in July. Now, given the scope and timing of the Government's production, inconsistent with representations made at the May 17, 2017 hearing, it is unreasonable to expect counsel to properly review over one million documents constituting more than two million pages of discovery, and to also meet the motion schedule under the Court's current deadlines.[2]

Additionally, on September 5, 2017, after the close of discovery and less than two weeks before the September motion deadline, a grand jury returned a Superseding Indictment charging Mr. Meli with a sixth count of aggravated identity theft.[3] Given the changed circumstances, it is similarly unreasonable to expect Mr. Meli to adequately prepare within the current schedule.

Given defense counsel's need to review all discovery, conduct independent investigations in response to this discovery, and to effectively prepare for trial, Mr. Meli respectfully requests a

---

[2] The prejudice to Mr. Meli's defense from the Government's voluminous production made in the days and weeks prior to the close of discovery is exacerbated by the Government's unwillingness to provide Mr. Meli with an appropriate bill of particulars. Prior to the filing of this motion, Mr. Meli filed a motion compelling the Government to provide cursory particulars regarding the specific "victims," investors, and related live-event ticket transactions subject to the Government's fraud allegations. *See* ECF Nos. 59-61.

[3] The Superseding Indictment also added additional "Overt Acts," and expanded the "Ponzi-like" fraud charges against Mr. Meli to include purported agreements with "popular singers and music bands," not referenced in the original Indictment. *See* ECF No. 58, at ¶¶ 12, 18, 19.

continuance of the November 27, 2017 trial date until January 8, 2018. Defendants propose the January 8, 2018 trial date so as to be convenient for the Government (who has advised on their availability) and for the Court (which already had advised the parties to reserve the weeks of January 8 and 15, 2018 in the event that trial needed to be adjourned for "good cause.").

For the reasons set forth herein, Mr. Meli respectfully requests that the Court grant the motion for a continuance of trial from November 27, 2017 until January 8, 2018, and move all related deadlines as set forth in the attached [Proposed] Order.[4]

Dated: New York, New York

September 15, 2017

By: /s/ Daniel J. Fetterman
Daniel J. Fetterman
Michael P. Bowen
Jeffrey R. Alexander
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Defendant Joseph Meli*

---

[4] If the Court finds that adjournment is appropriate, Mr. Meli agrees that time from November 27, 2017 until January 8, 2018 should be excluded under the Speedy Trial Act.