KASOWITZ BENSON TORRES LLP
Daniel J. Fetterman
*dfetterman@kasowitz.com*
Michael P. Bowen
*mbowen@kasowitz.com*
Jeffrey R. Alexander
*jalexander@kasowitz.com*
1633 Broadway
New York, NY 10019
(212) 506-1700 (telephone)
(212) 506-1800 (facsimile)

Attorneys for Defendant

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    v.<br><br>**JOSEPH MELI,**<br><br>                    **Defendant.** | **17-CRIM-00127(KMW)** |

### REPLY MEMORANDUM IN FURTHER SUPPORT OF
### DEFENDANT JOSEPH MELI'S MOTION FOR A BILL OF PARTICULARS

Defendant Joseph Meli respectfully submits this reply memorandum of law in further support of his motion for a bill of particulars affording him an adequate opportunity to prepare his defense, pursuant to Federal Rule of Criminal Procedure 7(f).

## **PRELIMINARY STATEMENT**

Mr. Meli seeks a bill of particulars to avoid a trial by ambush. Mr. Meli is not seeking mere evidence or trial strategy. Rather, he requests that which the Constitution demands – the answers to two simple questions at the heart of the Government's case: (1) *which* investors were allegedly defrauded; and (2) with respect to *which* particular transactions. Basic principles of fairness and due process entitle Mr. Meli to information concerning the charges against him.

The superseding indictment refers to a ticket resale scheme involving approximately 130 investors who engaged in unspecified transactions over the course of two years. This represents Mr. Meli's entire business over those two years in an unspecified number of transactions, and gives him no notice whatsoever as to which particular transactions involving which investors the Government claims were fraudulent. *Compare* Original Indictment ¶ 19 ("two popular Broadway shows") *with* S1 Indictment ¶ 19 (indefinite number of "popular Broadway shows" and "popular singers and music bands").

In its opposition (ECF No. 73) ("Gov. Opp." at 1), the Government asserts that it has satisfied its disclosure obligations and put Mr. Meli on "more than adequate notice of both the nature of the two related schemes he is charged with and his actions in furtherance of those schemes." However, neither the complaints, the indictments, the search warrant applications, nor the voluminous discovery adequately advise Mr. Meli of specific representations or transactions that form the basis of the criminal charges against him. To the contrary, the Superseding Indictment refers, in a general way, to Mr. Meli's entire business and leaves it to him to figure out which aspects the Government believes are fraudulent. That is unfair.

Contrary to the Government's claim, the document dump provided as discovery by the Government here is more muddled maze than "virtual roadmap" (*id*. at 4) – as the document tree of folders and sub-folders attached hereto make overwhelmingly clear. *See* Ex. A. The Government's two million pages of discovery, were not, as they declare, "extremely organized" (Ex. B (9/18/2017 Hearing Tr. at 19:16)), and Mr. Meli should not be forced to search for the proverbial needle in the Government's haystack of documents to make sense of the overbroad and generalized allegations contained in the Superseding Indictment.

Rather than elucidate the "nature of the two related schemes," the convoluted labyrinth of documents provided reveals that the Government – seven months after the indictment, and now, less than three months from trial – has failed to adequately investigate Mr. Meli's ticketing business or his investments in the "Hedge Fund" made from December 2015 to April 2016. The Government's Opposition does little to clarify the indictment's haphazard "Ponzi-like" allegations, pointing only in the broadest of strokes (and misleadingly so) to a mountain of discovery that the Government claims holds all the answers to Mr. Meli's two simple questions. As with the allegations in the Superseding Indictment, the discovery amounts to a dump of all of Mr. Meli's emails and business documents over a two-year period, and leaves it to him to figure out which documents form the basis of the Government's criminal allegations.

Mr. Meli has been in the ticketing business for over a decade, with hundreds of investors in dozens of concerts and other live-events. He is unaware – and if the Government has its way (with the exception of approximately 20 investors identified in labeled folders), he will remain unaware – which of the over 130 investors allegedly were defrauded in which ticket transactions. In fact, the Opposition suggests there are numerous unidentified transactions in unspecified concerts, live-events, or Broadway shows that may be alleged are fraudulent at trial. Even as to

the limited concerts and events identified across various documents, Mr. Meli still does not know which investors were allegedly defrauded by his representations, and, for that matter, which representations. He is entitled to this basic information to prepare his defense at trial.

Neither the three-paragraph summary of the "Ticket Investment Scheme" included in the Government's Superseding Indictment (S1 Indictment ¶¶ 18-20), nor the assorted documents from the Government's document dump identify who the purported 130 defrauded "victims" are, which live-event ticketing opportunities they invested in, or what representations Mr. Meli allegedly made to defraud them in connection with the purported "Ponzi-like" scheme. As explained further below, the Government has produced readily identifiable documents in folders for only a small fraction of the alleged 130 "victims" referenced in the Indictment.[1]

The Government has refused to tell Mr. Meli (and the Court) which investors were allegedly defrauded by which transactions in an unspecified number of unidentified concerts, live-events, or Broadway shows. This prevents Mr. Meli from preparing adequately for trial and impermissibly shifts the burden of proof to him. It is now well past time for the Government to provide Mr. Meli with *actual* notice of the pending charges: (1) *which* investors were purportedly defrauded and (2) for *which* concerts, live-events, or Broadway shows.

## ARGUMENT

As discussed above, Mr. Meli is making a simple request that the Government disclose the following limited specifics: (1) *which* investors allegedly received material fraudulent information and, where relevant, (2) *for which* concerts or Broadway shows. These essential, basic details underlie the charges pending against him. In essence, these are the same details that

---

[1] Similarly, in describing the "Hedge Fund Scheme," the Government fails to adequately place Mr. Meli on notice of the charges against him. The Court should also compel the Government to identify the 30 Sentinel investors purportedly defrauded in the "Hedge Fund Scheme" (S1 Indictment ¶ 8) for the same reasons.

3

the Court demanded at the September 18, 2017 conference – an appeal ignored by the Government.  *See* Ex. B at 19:19-22 (the Court: "It would be helpful . . . to give me . . . an exhibit showing what you have produced and what you are not yet producing to [Mr. Meli] by way of bill of particular information.").  The documents referenced in the Government's Opposition demonstrate the charges' ambiguity, forcing Mr. Meli to shoot in the dark.  This is impermissible.  *See United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987) (*per curiam*) ("[Rule 7(f)] permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.").

      Mr. Meli requests a bill of particulars to *prepare* his defense at trial, not to "obtain[ ] a full preview of the Government's case at trial."  Gov. Opp. at 1.  The scattershot documents highlighted by the Government – including specific folders or sub-folders only identifying 12 "investors" or "victims" – are far from a "virtual roadmap."  This complex discovery labyrinth lumps together signed and unsigned agreements (only some related to Mr. Meli), largely untethered from any specific transaction.  The Government's approach obscures *which* investors purportedly lost money from investments in *which* concerts or Broadway shows, material that is necessary for Mr. Meli to avoid a trial by ambush.  Moreover, if the Government knows where the answers are in its muddled maze, they must identify the *full* answer so that Mr. Meli is not forced in vain to wade through over two million pages.  *See United States v. Silver*, 117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) ("Given the exceptional volume of . . . wire transmissions in this case, the potentially relevant communications could easily number in the

4

hundreds or thousands. Under those circumstances, it is not unreasonable for the Defendant to want to know which . . . wire transmissions the Government will rely upon to prove its case.").

At the September 18 conference, the Government claimed to have "created folders with the names of the victims and put the records that were obtained from those victims into those folders." Ex. B at 8:23-9:2. Mr. Kobre further stated: "it's kind of a red herring for defense to say, well, we don't know who the victims are that you are alleging here, when they have sitting on their hard drives folders with the names of victims and documents relating to those individuals." *Id*. at 9:3-9:9. Review of the document database revealed that out of the 130 allegedly defrauded "victims" in the "Ticket Investment Scheme," **only 12** total folders or sub-folders in the Government's production were labeled with specific "victim" identification. *See* Ex. A.[2] And one of these folders relates to Craig Carton, who *received* millions of dollars more from Mr. Meli than he delivered – and is charged with conspiracy, securities and wire fraud in a separate criminal action. *United States v. Craig Carton*, 17-mag-6692 (S.D.N.Y. Sept. 5, 2017).

The Government's limited production as to select investors is patently insufficient. The Government asserts that it has satisfied its disclosure obligations and put Mr. Meli on "more than adequate notice of . . . ***his misrepresentations to specific, identified investors***." Gov. Opp. at 1. But the Government's disclosures to date do not come close to doing this. "In cases involving fraud, courts have required the Government to specify through a bill of particulars which document or transactions it intends to prove are fraudulent . . . otherwise, in effect, the burden of proof impermissibly [may] shift[ ] to the defendant to prove the documents or transactions are not fraudulent." *United States v. Vaid*, 2017 WL 3891695, at *11 (S.D.N.Y. Sept. 5, 2017); *see*

---

[2]  The Government produced documents in two additional folders referencing "documents and correspondence" with "victims" or "investors" in the "Ticket Investment Scheme" (highlighted in Exhibit A). Among the nearly 2,000 pages, those folders contained documents from approximately ***seven*** additional investors. Six folders identify Sentinel "victims" (20% of the 30 "victims" alleged in the "Hedge Fund Scheme").

5

*also United States v. Zandstra*, 2000 WL 1368050, at *6 (S.D.N.Y. Sept. 20, 2000) (ordering bill of particulars for names of alleged victims and dates of purported transactions since defendant was "entitled to certain additional information in order to avoid surprise at trial, to be able to prepare an adequate defense, and to ensure that he is not prosecuted a second time for the same offense");[3] *see also United States v. Reale*, 1997 WL 580778, at *14 (S.D.N.Y. Sept. 17, 1997) (requiring particulars for individual mailings and wire transfers underlying the charges when indictment failed to provide requisite specificity).[4]

Additionally, the Government has produced discovery regarding approximately **20** different concerts, live-events, or Broadway shows since 2015, but suggests that Mr. Meli is on "adequate notice" of the purported "Ticket Investment Scheme" because of (a) the "list of [*six*] live events" in the Amended SEC Complaint;[5] (b) the "*two* popular Broadway shows" referenced

---

[3] In *Zandstra*, like here, the government maintained that it had provided more-than-adequate discovery containing all of the particulars that the defendant needed. However, because the government produced discovery concerning the identities of only twelve possible victims, and the production suggested that dozens of other individuals may have been involved, particulars were still required. *Id.* at *6, n.3.

[4] Indeed, many of the cases the Government cites in its opposition involve far more straight-forward allegations than the two "Ponzi-like" schemes alleged against Mr. Meli – in effect, potentially 130 different misstatements involving 130 distinct investors in the "Ticket Investment Scheme," a subset of which do not involve Mr. Meli. The Government cites to *United States v. Monserrate*, a case regarding defendant's diversion of city council funds to a third-party organization which then kicked the funds back to defendant. 2011 WL 3480957, at *3–4 (S.D.N.Y. Aug. 4, 2011). The court rightfully found that no particulars were necessary there. In *United States v. Bonventre*, cited by the Government, the court ordered early disclosure of the prosecution's exhibits in consideration of the "generic categories of documents listed in the Indictment." 2013 WL 2303726, at *7 (S.D.N.Y. May 28, 2013). *United States v. Trippe*, is similarly unhelpful; that case involved a straight-forward bribery scheme involving just two transactions – not the potentially more than one hundred alleged here. 171 F. Supp. 2d 230 (S.D.N.Y. 2001). The Government cites to other inapposite cases entirely distinguishable from the circumstances here. In *United States v. Mandell*, the court found that defendant was properly on notice without particulars where the indictment catalogued falsehoods and omissions with great specificity, thereby mooting the argument regarding the "mountains of documents." 710 F. Supp. 2d 368, 385 (S.D.N.Y. 2010). In *United States v. Cuti*, the court denied the requested particulars where defendant admitted that the government supplied properly *indexed* discovery, *a list of fraudulent transactions*, and a list of fraudulent return payment transactions, precisely the type of information sought by Mr. Meli. 2009 WL 3154310, at *7–8 (S.D.N.Y. Sept. 24, 2009). *United States v. Cohen* is also distinguishable; there, defendant was only denied *further* particulars after the government had initially provided him with a bill of particulars with amendments. 518 F.2d 727, 734 (2d Cir. 1975).

[5] The Government's attempt to obviate the need for a bill of particulars by referencing allegations in the SEC Amended Complaint is puzzling. Either the Government has adopted the SEC Amended Complaint – in which case, Mr. Meli is entitled to know to prepare his defense – or the Government is impermissibly relying on the SEC Amended Complaint to avoid providing Mr. Meli with a bill of particulars. While the additional information from

– but not identified – in the Original Indictment; and (c) the *unspecified* "referenced additional agreements" from the Superseding Indictment. Gov. Opp. at 2-4. This confused patchwork is further complicated by the Government's assorted citations to search warrant applications and 3500 material. To that end, the Government identifies, amidst its chaotic document dump, a folder titled "Advance Agreements." Gov. Opp. at 5. That folder contains one single document: a 30-page PDF with five separate agreements for five different musical acts. Each agreement in that PDF is untethered from any specific investor, wire transfer, sender or recipient. Nothing in the Government's voluminous production suggests that Mr. Meli actually signed those agreements, authorized their use, or solicited any investment in reliance on any of the documents included in the "Advance Agreements" 30-page compilation.

Rather than "preventing the Government from further developing its proof as trial approaches" and "improper[ly] . . . lock[ing] the Government into details of its proof months in advance of trial" (Gov. Opp. at 1, 15), Mr. Meli merely requests that the Court compel the Government to delineate purportedly defrauded investors from the vast universe of possible investors and the specific concerts or Broadway shows at issue in this case.[6]

To recap for the Court, the Government has now produced over two million pages from well-over 100 custodians alleging that 130 investors were defrauded in connection with an unknown number of mostly unspecified concerts, live-events, or Broadway shows of whom only

---

the SEC Amended Complaint would be helpful, it is insufficient and a bill of particulars would still be necessary. More importantly, the Government must now make clear, one way or the other, whether they are relying on the SEC's allegations as the Opposition suggests.

[6] As Mr. Meli has previously argued in his original motion, the case law supports identification of investors. *See, e.g*, *United States v. Davidoff,* 845 F.2d, 1151, 1154 (reversing denial of bill of particulars in complex conspiracy "identifying at least the victims of discrete extortionate schemes that the prosecution intended to prove" despite 6,000 pages of discovery); *United States v. Savin,* 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001) (granting bill of particulars because government provided 100,000 documents and defendant was forced to "comb through" to "attempt to guess at" the evidence supporting the charges against him); *United States v. Nachamie,* 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000) (defendants entitled to know specific details regarding government's proof at trial).

7

approximately 20 investors have been identified in clearly labeled folders.[7] This does not constitute legally-sufficient notice to allow Mr. Meli to adequately prepare his defense three months before trial. Consequently, the Government's failure to provide a bill of particulars will deprive Mr. Meli of his fundamental right to fairness and due process.

Under these circumstances, Mr. Meli cannot properly prepare to defend against the Government's allegations at trial without knowing specifically which "popular Broadway shows" and "popular singers and music bands" are at issue. Ultimately, if a bill of particulars is "necessary to give the defendant enough information about the charge to prepare his defense" – as it is here – it "will be required even if the effect is disclosure of . . . evidence or theories." *United States v. Reddy*, 190 F. Supp. 2d 558, 565 (S.D.N.Y. 2002). At the very least, should the Court find that no bill of particulars is necessary, early identification of the Government's trial exhibits is fitting and proper. *See United States v. Wey*, 2017 WL 237651, at *22 (S.D.N.Y. Jan. 18, 2017) (requiring early disclosure "in light of the relative scarcity of specific allegedly fraudulent misstatements"); *see also Bonventre*, 2013 WL 2303726, at *7 (same).

---

[7] Although the Government has produced documents relating to nearly 20 concerts, live-events, and Broadway shows, Mr. Meli still does not know whether the Government will contend at trial that all, some, or just a few of those transactions were part of the conduct it alleges was fraudulent. Additionally, Mr. Meli does not know whether there are other events the Government intends to prove were involved in the alleged fraud.

8

## **CONCLUSION**

For the reasons set forth herein, Mr. Meli respectfully requests that the Court grant his motion for a bill of particulars and require the Government to promptly identify the following, cursory information related to the charges it intends to prove against Mr. Meli.

i. all purported "Victims" and "Victim-Entities" referenced in each of the Indictments and the Complaint;

ii. each of the purportedly defrauded investors and the corresponding Broadway, concert or live-event ticket transaction that is claimed to be fraudulent in the alleged "Ticket Investment Scheme"; and

iii. each of the purportedly defrauded investors in the alleged "Hedge Fund Scheme."

Dated: New York, New York

October 9, 2017

By: /s/ Daniel J. Fetterman
Daniel J. Fetterman
Michael P. Bowen
Jeffrey R. Alexander
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Defendant Joseph Meli*